CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
PHYL GRACE, ESQ., SBN 171771
Mail: P.O. Box 262490
San Diego, CA 92196-2490
Deliveries: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
phylg@potterhandy.com

Attorney for Plaintiff SCOTT JOHNSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br>v.<br><br>JOE CHARLES CRIVELLO SR, in his individual and representative capacity as Trustee—Crivello Family Trust;<br>SUSAN M CRIVELLO, in her individual and representative capacity as Trustee-Crivello Family Trust;<br>CRIVELLO & DI SALVO, INC., a California Corporation; and Does 1-10,<br><br>    Defendants. | Case No.: 2:14-CV-01692-JAM-AC<br><br>**(1) Joint Stipulation of Fact Regarding Defendants' Financial Wherewithal;**<br>**(2) Joint Stipulation Regarding Defendants' Discovery Responses;**<br>**(3) Order Thereon.** |

## **JOINT STIPULATION**

The following terms, phrases, and definitions will be applied in this stipulation and are intended to conform to the usage given in the Americans with Disabilities Act Accessibility Guidelines:

| | |
|---|---|
| **ADAAG**: | Americans with Disabilities Act Accessibility Guidelines found at 28 C.F.R. Part 36. |
| **ACCESSIBLE:** | Complying with the technical requirements of the ADAAG. |
| **SUBJECT PROPERTY:** | Crivello Body & Paint located at or about 2412 N Wilson Way, Stockton, California. |
| **READILY ACHIEVABLE:** | Shall have the same definition as that found at 42 U.S.C. § 12181(9). |
| **BARRIER:** | Any architectural or configuration element of the subject property that does not comply with the technical provisions found in the Americans With Disabilities Act Accessibility Guidelines and/or Title 24 of the California Code of Regulations, and which is identified in the Plaintiff's complaint. |

**PLAINTIFF SCOTT JOHNSON AND DEFENDANTS JOE CHARLES CRIVELLO SR, SUSAN M CRIVELLO, AND CRIVELLO & DI SALVO, INC., BY AND THROUGH THEIR ATTORNEYS OF RECORD, HEREBY STIPULATE:**

**WHEREAS** Plaintiff has propounded written discovery to assist him in determining the ability of the Stipulating Defendants to undergo "readily achievable" barrier removal and to support Plaintiff's damages assessment; and

**WHEREAS** such discovery information is of a personal and confidential nature and, therefore, the Stipulating Defendants have a legitimate concern about unnecessarily producing such information;

The Plaintiff and the Stipulating Defendants enter into the following stipulation:

<u>**Plaintiff**</u>: Plaintiff will currently forbear from propounding any discovery that seeks information concerning the financial status, ability, or wherewithal of the Stipulating Defendants. Plaintiff also withdraws all discovery already propounded concerning this information, including but not limited to: Interrogatories, Set One, nos. 4, 13, and 14 and Requests for Production of Documents, Set One, nos.

8, 13, and 14.

**Stipulating Defendants**: The Stipulating Defendants hereby declare that in determining whether the removal of a BARRIER is READILY ACHIEVABLE, factors such as the (1) Stipulating Defendant's financial resources; (2) the facility's financial resources; (3) the "effect on expenses and resources"; and (4) impact on finances, shall NOT be raised by STIPULATING DEFENDANTS as a defense as to why the Stipulating Defendant cannot remedy and/or remove those alleged BARRIERS. Defendants further stipulate to respond fully to all discovery requests not concerning the financial status, ability, or wherewithal of the Stipulating Defendants within 14 days of the Court's Order.

**NOTE:**  Stipulating Defendants are **not** stipulating (A) liability to the Plaintiff; (B) that the above identified barrier removals are required by law; (C) that the above referenced barriers exist; or (D) that they are subject to the ADA or related state disability access laws.

**NOTE:**  The parties understand that the Plaintiff reserves his right to seek financial information in support of a claim for punitive damages. However, Plaintiff will forbear from seeking that information until Plaintiff believes that further discovery information warrants the prosecution of a punitive damages claim against the Stipulating Defendants. Even if Plaintiff reaches a decision that a punitive damages claim should be prosecuted, Plaintiff will, nonetheless, wait until the end of the discovery window to request such information so as to allow maximum opportunity for resolution of the case.

**IT IS SO STIPULATED.**

Dated:  May 3, 2015                                         CENTER FOR DISABILITY ACCESS


                                                            By:      /s/ Amanda Lockhart

|   |   |
|---|---|
|   | AMANDA LOCKHART |
|   | Attorney for Plaintiff |

Dated:  May 3, 2015                    MICHAEL D. WELCH ASSOCIATES



                                        By:     /s/ Michael D. Welch
                                        MICHAEL D. WELCH
                                            Attorney for Defendants

CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
PHYL GRACE, ESQ., SBN 171771
Mail: P.O. Box 262490
San Diego, CA 92196-2490
Deliveries: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
phylg@potterhandy.com

Attorney for Plaintiff SCOTT JOHNSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br>v.<br><br>JOE CHARLES CRIVELLO SR, in his individual and representative capacity as Trustee—Crivello Family Trust;<br>SUSAN M CRIVELLO, in her individual and representative capacity as Trustee-Crivello Family Trust;<br>CRIVELLO & DI SALVO, INC., a California Corporation; and Does 1-10,<br><br>  Defendants. | Case No.: 2:14-CV-01692-JAM-AC<br><br>**Order Regarding Joint Stipulation of Fact and Discovery** |

**<u>ORDER</u>**

Having read the Joint Stipulation of Fact Regarding Defendants' Financial Wherewithal and Discovery Responses, the Court hereby orders Defendants to respond to all outstanding discovery requests not withdrawn by Plaintiff within 14 days.

**IT IS SO ORDERED.**

Dated:  May 4, 2015   /s/ John A. Mendez
                      UNITED STATES DISTRICT COURT JUDGE